UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANTHONY LIPSCOMB,

    Plaintiff,

v.                                                             CIVIL ACTION NO. 16-40145-LTS

RICHARD RESSIJAC, ET AL.,

    Defendants.

## MEMORANDUM AND ORDER

SOROKIN, U.S.D.J.

### I. Introduction

Prisoner plaintiff Anthony Lipscomb ("Lipscomb") filed a self-prepared Complaint (on a template form) naming the United States and eight individual defendants employed at FMC Devens. He asserted claims against the United States pursuant to the Federal Tort Claims Act ("FTCA"), and Bivens claims against the individual defendants.[1] His allegations involved improper medical care and deliberate indifference to his serious medical needs with respect to a foot infection and his hypoglycemia. He also asserted claims based on alleged unfair incident reports lodged against him and the various sanctions imposed as a result, including classification to a higher security level. Further, Lipscomb alleged he suffered side effects due to contaminated water at FMC Devens. Finally, he alleged that he received a poor work performance on a statement in which his signature was forged.

On November 2, 2016, this Court issued a Memorandum and Order (Docket No. 5) granting Lipscomb's Motion for Leave to Proceed *in forma pauperis*, detailing the background and noting various legal impediments to his claims. These impediments included pleading deficiencies under Rule 8 of the Federal Rules of Civil Procedure because Lipscomb failed to provide underlying facts to support many of his allegations and because he asserted his claims collectively against the defendants. Further, this Court noted that he failed to state plausible

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Bivens claims based on the alleged false incident reports and failed to state plausible Bivens claims based on transfer or reclassification. Finally, this Court noted that Lipscomb failed to state Bivens claims based on alleged derogatory statements on his work performance sheet because the "stigma" theory for alleged defamatory statements is not a liberty or property interest sufficient to invoke protections of the Due Process Clause. In light of these impediments, this Court directed Lipscomb to file an Amended Complaint curing the pleading deficiencies, within 42 days. This Court provided substantial guidance to Lipscomb as to manner in which he should assert his claims in order to comply with Rule 8. Further, in order to assist Lipscomb in setting forth his claims separately as to each defendant, this Court attached a template form (Appendix "A") for his use, although he was not required to submit his Amended Complaint in that format.

On November 25, 2016, Lipscomb filed his Amended Complaint (Docket No. 8).

## II.     Discussion

### A.     Allegations in the Amended Complaint

Lipscomb's Amended Complaint is not set forth on any template form. Essentially, the Amended Complaint substantially reiterates the allegations in the original Complaint, including a chronology of events. It is repetitive and not entirely organized. From what can be discerned, however, Lipscomb's claims can be culled out as follows: (1) FTCA claims against the United States for wrongdoings by federal employees;[2] (2) a deliberate indifference to medical care claim ("DI") against John Doe based on his failure to ensure that he received immediate medical care for his foot infection even after this defendant learned of the seriousness of Lipscomb's condition; (3) DI claims against defendant Nurse Ressijac (based on the denial of Lipscomb's request for medical testing to determine the cause of his foot infection, for providing anti-fungal cream that was ineffective, for refusing to authorize a medical idle slip (requested because he

---

[2] In this Court's prior Memorandum and Order, it was noted that Lipscomb had satisfied the presentment requirements of the FTCA based on failure to provide medical care for his foot condition and his glucose deficiency, the improper incident reports against him when he inquired about obtaining work boots, and the failure to provide uncontaminated water. He also submitted a claim regarding worker's compensation; however, that claim is not raised in this action.

2

could not wear the required work boots), and for refusing to provide him authorization for a soft shoe instead); (4) a claim alleging the filing of false incident report by defendant Elias regarding the refusal of Lipscomb to return his food tray as directed, knowing that he would spend additional days in solitary confinement without medical testing and treatment for his low glucose levels; (5) a claim based on the improper recommendation made by defendant Beynosa and another to the Unit Disciplinary Committee to find Lipscomb guilty of the reported infraction; (6) a DI claim for the failure of defendant clinician John Doe to enforce periodic testing and treatment for his glucose condition; (7) a claim against defendant Larkin for finding Lipscomb guilty of the reported infraction of refusing to work notwithstanding the medical evidence of his foot infection, and for the imposition of sanctions that included the loss of commissary purchases, visitation, and further time in the Special Housing Unit ("SHU"); (8) a DI claim against defendant Larkin for finding Lipscomb guilty of the reported infraction of holding a food tray with food inside notwithstanding that Lipscomb needed the food to self-medicate his glucose levels in light of the lack of medical treatment; (9) a DI claim against defendant case manager Arpano for finding Lipscomb guilty of the reported infraction of holding a food tray with food inside notwithstanding that Lipscomb needed the food to self-medicate his glucose levels in light of the lack of medical treatment; (10) a DI claim against defendant Warden Grondolsky based on the alleged contaminated water provided to Lipscomb and the refusal to remedy the water problem, causing skin irritation; (11) a claim based on defendant Cicero's forging of Lipscomb's signature on his work performance sheet without authorization, and giving him a poor grade of his work performance; and (12) a claim for medical malpractice of unidentified medical staff for improper diagnosis and treatment of his foot infection.

  B. <u>Failure to State Plausible Claims Against Defendants Larkin, Beynosa, Arpano and Elias</u>

  It is not entirely clear whether Lipscomb is alleging both due process violations and Eighth Amendment deliberate indifferent violations in connection with his allegedly false incident report regarding the refusal to return his dinner tray. As to any alleged due process violations with respect to this report, Lipscomb fails to set forth plausible <u>Bivens</u> claims.

3

Essentially, he disagrees with the ultimate finding of guilty and the imposition of sanctions by Arpano and Larkin, but he does not assert that the underlying facts forming the basis of the incident report was fabricated or baseless; he simply alleges that defendant Beynosa was wrong in recommending a guilty finding because there were extenuating circumstances based on his improper medical care, and that defendants Larkin and Arpano were wrong in finding him guilty and imposing sanctions for the same reasons. He does not assert procedural deficiencies in connection with the disciplinary hearing itself, except that he alleges he was not provided sufficient notice of the incident report, against the Bureau of Prisons's policy. He does not claim that he was unable to call witnesses or introduce evidence, or that he otherwise was unable to present a defense. As noted in this Court's prior Memorandum and Order (Docket No. 5 at 7-8), there is "no constitutional guaranteed immunity from being false or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Id. quoting Freeman v. Rideout, , 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). "As long as the hearing itself provides the minimum due process protections as set forth in Wolff v. McDonnell, 418 U.S. 539 (1974), then the prisoner has effectively been accorded his constitutional due." Id. at 8 citing Hanrahan v. Lane, 747 F.2d 1137, 1139-40 (7th Cir. 1984).

In light of this, Lipscomb has failed to state plausible Bivens claims based on due process violations by these defendants. Accordingly, any claims for due process violations in connection with the filing of the incident report, investigating the incident report, and the guilty finding, asserted against defendants Larkin, Beynosa, Arpano and Elias are DISMISSED *sua sponte*.

Next, Lipscomb alleges that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. First, he contends defendant Elias filed the incident report regarding the food tray knowing that he would be given additional time in the SHU as a sanction, and knowing that he would not receive adequate medical testing and treatment for his hypoglycemia.[3] Second, he contends that the defendant Beynosa was

---

[3]Specifically, Lipscomb alleges that the incident report filed by Elias "revealed a deliberate indifferent attitude" toward him. Am. Cpl. (Docket No. 8 at ¶ 30). He also alleges that when he advised Elias of his glucose deficiency and the fact that he had not been tested for

4

deliberately indifferent because he recommended Lipscomb be found guilty knowing that he was not receiving proper medical attention in the SHU. Third, he claims that defendants Larkin and Arpano were deliberately indifferent to his serious medical needs because they sanctioned him with additional time in the SHU, knowing that the medical staff had not been diligent in providing testing and care while in the SHU.

Lipscomb paints a broad brush regarding his allegations of deliberate indifference to a serious medical need by these defendants, and presents sparse factual allegations demonstrating the requisite knowledge and intent of the defendants, and/or a causal link between their actions and his medical care. As noted in the prior Memorandum and Order (Docket No. 5 at 7-8) the standard to raise a plausible DI claim is high. On these allegations, this Court finds that Lipscomb has not stated any plausible DI claims against Larkin, Beynosa, Arpano and Elias. Accordingly, the Eight Amendment claims against these defendants are DISMISSED *sua sponte*.

### C. Failure to State Plausible Bivens Claim Against Defendant Cicero

Although Lipscomb's Amended Complaint now identifies defendant Cicero as the person who allegedly forged his signature on a work sheet, the claims against this defendant based on this action and on his negative evaluation of Lipscomb's work performance does not set forth a cognizable federal claim. As noted in this Court's prior Memorandum and Order (Docket No. 5 at 11), Lipscomb has not alleged that was deprived of any "tangible interest" or that his work performance sheet was provided to any prospective employer. Id. Furthermore, statements about Lipscomb's work performance are generally considered expressions of opinion and are not defamatory. Thus, as pled, Lipsomb fails to state a plausible Bivens claim against Cicero. Since he has had an opportunity to amend the complaint once, no further opportunities to do so are warranted.

Accordingly, it is Ordered that all claims against defendant Cicero are DISMISSED and he shall be terminated as a party to this action.

---

two days nor treated, Elias replied "that's not my problem." Id. at ¶ 28. Notably, however, some time later, Elias asked Lipscomb if he would return the tray if he called for medical staff; Lipscomb agreed and a nurse came to the SHU to test his glucose and give him sugar tablets.

D. Other Claims Permitted to Proceed

Although the Amended Complaint is not pristine, the Court finds there are sufficient allegations to permit the claims to proceed against defendants John Doe (clinician), John Doe (officer), Warden Grondolsky, Richard Ressijac, N.P., and the United States. Any general claims of medical malpractice against others who have not been identified in the Amended Complaint shall not proceed.

E. The Issuance of Summonses and Service of Process

In light of the above, the clerk shall issue summonses with respect to defendants Warden Grondolsky, Richard Ressijac, N.P., and the United States. No summonses shall issue at this time, however, with respect to the unidentified John Does. "Although the use of fictitious names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint." Valentin v. Pepe, 2013 WL 6195796, at *3 (D. Mass. 2013) citing Martínez-Rivera v. Ramos, 498 F.3d 3 (1st Cir. 2007). "If, through discovery, the plaintiff discovers the true names of the 'John Doe' defendants, he 'should act promptly to amend the complaint to substitute the correct parties and to dismiss any baseless claims . . . . He may then also file a motion for issuance of summonses for these defendants.'" Valentin, 2013 WL 6195796 at *3; quoting Martínez-Rivera, 498 F.3d at 8 n.5. Here, any request by Lipscomb must be made timely, and failure to do so may result in a dismissal of the claims against the John Does.

Finally, since Lipscomb has been permitted to proceed *in forma pauperis*, he may elect to have service of process made by, and costs advanced by, the United States Marshal Service, as set forth below. Notwithstanding this directive, it remains Lipscomb's responsibility to effect service of process and provide all necessary information and paperwork to any process server. If summonses issue with respect to the John Does, the United States Marshal shall complete service as directed and advance the costs.

**III. Conclusion and Order**

Based on the foregoing, it is hereby Ordered that:

1. All due process claims against defendants J. Lo Cicero, J. Elias, Lt. D. Beynosa, L. Arpano, and S. Larkin that are based on the alleged filing of false incidents reports, recommendations, and the subsequent guilty findings are <u>DISMISSED</u>;[4]

2. All Eighth Amendment deliberate indifference claims against defendants J. Elias, Lt. D. Beynosa, L. Arpano, and S. Larken are <u>DISMISSED</u>. These defendants shall be terminated as parties to this action;

2. All claims against J. Lo Cicero that are based on the alleged forgery of plaintiff's signature on a work sheet and for giving plaintiff a poor work performance are <u>DISMISSED</u>. This defendant shall be terminated as a party to this action;

3. Any general claims of medical malpractice against others who have not been identified in the Amended Complaint are <u>DISMISSED</u>;

4. Subject to the parameters set forth in ¶¶ 5-6, this Court will permit all other claims by plaintiff to proceed with respect to defendants Warden J. Grondolsky, Richard Ressijac, N.P., John Doe (clinician), John Doe (officer), and the United States;

5. The clerk shall issue summonses and the standard service package for service on the defendants: (1) Warden J. Grondolsky; (2) Richard Ressijac, N.P.; and (3) the United States; however, no summonses shall issue as to the two unidentified John Doe defendants at this time;

6. If and/or when plaintiff discovers the true identify of the John Does, he may seek leave to amend the Amended Complaint to substitute their true names. At that time, he may also seek the issuance of summonses; however, any request to amend or for summonses must be made timely;

7. The plaintiff may elect to have service of process made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall serve the summons, Amended Complaint, and this Memorandum and Order upon each of the defendants as to whom summonses have issued, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States;

8. The plaintiff shall have 90 days from the date of this Memorandum and Order to complete service on defendants as to whom summonses have issued.

SO ORDERED.

                                                  /s/ Leo T. Sorokin
                                                  LEO T. SOROKIN
                                                  UNITED STATES DISTRICT JUDGE

DATED: January 26, 2017

---

[4] The Orders contained herein are not intended to constitute any separate and final judgment pursuant to Fed. R. Civ. P. 54(b).